**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| BENJAMIN REICHERT  2021 FEB 19 P 4:25 | ) | |
| Plaintiff, | ) | CASE NO. 2:21-cv-153 |
| v.  DEBRA P. HACKETT, CLK  U.S. DISTRICT COURT  MIDDLE DISTRICT ALA | ) | |
| LLOYD AUSTIN, SECRETARY | ) | JURY TRIAL REQUESTED |
| DEPARTMENT OF DEFENSE, | ) | |
| Defendant. | ) | FEBRUARY 19, 2021 |

## COMPLAINT

COMES NOW the Plaintiff, Benjamin Reichert (hereinafter Plaintiff or Mr. Reichert), by and through undersigned counsel of record, and hereby complains against the above-named Defendant, as set forth herein below.

### I. JURISDICTION AND VENUE

1. Mr. Reichert files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§1331 and 1334(a)(4), as an action arising under the Act of Congress known as the *Americans With Disabilities Act*, (42 U.S.C., as Amended, §12101 *et. seq.*), and the *Rehabilitation Act of 1973* (29 U.S.C. §701, *et. seq.*) as amended by the *1991 Civil Rights Act*, and 42 U.S.C. 1981a, to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and damages suffered by the Plaintiff, due to the Defendant's unlawful discrimination and retaliation against him.

2. Mr. Reichert notified the Department of Defense Education Agency (DoDEA) of his claim of disability discrimination and requested accommodations on or about September 11, 2019. He then requested a hearing with the EEOC in Birmingham on or about June 18, 2020. It has been more than 180 days since the filing of his request for hearing, allowing Mr. Reichert to pursue his complaint in Court, pursuant to 29 C.F.R. §1614.107(a)(3), as his case has been pending well beyond 180 days.

3. Venue is proper in the Middle District of Alabama, Northern Division, because the alleged discriminating actions of the Defendant occurred in Montgomery County, Alabama.

## II. PARTIES

4. Mr. Reichert is a citizen of the United States and a resident of Autauga County, Alabama. Mr. Reichert is over the age of nineteen years.

5. The Defendant, Lloyd Austin, Secretary, Department of Defense, is a government Agency, doing business in Montgomery County, Alabama.

## III. STATEMENT OF FACTS

6. Mr. Reichert is a male, disabled Veteran of the United States Army. Mr. Reichert suffers from anxiety, related to his military service.

7. Mr. Reichert has been a teacher at the Maxwell DoD Elementary and Middle School (hereinafter "Maxwell School") at Maxwell Air Force Base since 2016 and a teacher with DoDEA since 2014.

8. On August 20, 2019, a female teacher and co-worker at Maxwell School, namely Lynn Myers, began harassing and bullying Mr. Reichert, causing him undue stress, primarily due to his disability. She yelled at him in front of students, while he was inspecting the volleyball net in the school gym. The vicious, hate-filled, aggressive and public rant by Lynn Myers in the workplace, which was directed at Mr. Reichert, happened in the presence of the entire 8th grade class. The bullying behavior of Lynn Myers was outrageous, such that it caused Mr. Reichert great emotional distress. This act by Ms. Myers caused Mr. Reichert to request reasonable accommodations on September 9th, 2019.

9. On August 23, 2019, Mr. Reichert wrote an email concerning the incident to his supervisor, Principal Mr. Paul Hernandez, Principal of Maxwell School. He initially made a

claim of harassment; however, the Agency took no action. Ms. Myers has a documented history of bullying and harassing colleagues, yet the Agency has taken no action.

10. On August 26, 2019, Mr. Reichert reported the harassment incident to Dr. Lisa Coleman, Community Superintendent.

11. Mr. Reichert previously served as the Athletic Director for the previous two school years and received $3,850.00 in compensation each year for performing the extra duty. On August 27, 2019, Mr. Reichert resigned his extra-duty contract position as the Athletic Director for Maxwell School, in order to minimize contact with Ms. Myers, as she continued to harass him.

12. Ms. Myers' harassment and bullying of Mr. Reichert caused him a high degree of distress. This caused Mr. Reichert to seek medical care from Dr. Caitlyn Singletary, at the Central Alabama Veterans Health Care System in Montgomery. Dr. Singletary treated Mr. Reichert for stress and anxiety issues. She also gave Mr. Reichert a letter, which he passed on to his principal, Mr. Paul Hernandez. Dr. Singletary advised reduced interaction with co-worker, Lynn Myers.

13. On September 11, 2019, Mr. Reichert submitted a reasonable accommodation request to Mr. Hernandez. His request for accommodation cited Dr. Singletary's letter. He requested management create a detailed plan to eliminate interactions with Ms. Myers. Mr. Hernandez failed or refused to provide the reasonable accommodation.

14. During the September 11, 2019 conflict meeting, Ms Myers was permitted to have representation present. Mr. Reichert asked to be allowed to have his representative present; however, prior to the meeting, Mr. Hernandez and Dr. Coleman told Mr. Reichert that he was not allowed to have his lawyer present. Mr. Reichert consulted with the DoDEA attorney

Angela Stubbs. She informed all parties that Mr. Reichert was INDEED allowed to have legal representation present during the meeting. On the advice of the DoDEA attorney, Mr. Reichert stated he did not wish to meet, without legal representation present.

15. On September 16, 2019, without scheduling a follow-up meeting to allow Mr. Reichert to have legal representation present, Dr. Coleman provided a letter to Mr. Reichert stating she did not find any evidence of harassment. However, Dr. Coleman found fault with the manner in which Ms. Myers communicated with Mr. Reichert. Furthermore, Mr. Hernandez excused Lynn Myers' actions on August 20, 2019, saying that Ms. Myers was "just having a bad day."

16. The accommodation Mr. Reichert requested was extremely reasonable. All the Agency had to do to satisfy his request was to keep Ms. Myers and himself apart from each other. There was absolutely no reason for Mr. Reichert and Lynn Myers to be in the same collaboration meeting, as they taught two unrelated subjects. Mr. Reichert taught Spanish and AVID; Ms. Myers taught Elementary PE. This request was supported by his treating physician. Mr. Reichert submitted a letter from his doctor, dated September 9, 2019, in support of his request.

17. On September 24, 2019, Mr. Reichert's attorney hand delivered a letter to Principal Hernandez, in which he formally requested accommodations. This attorney's letter also advised Hernandez of Mr. Reichert's legal representation and asked to be allowed to be present at a meeting concerning Mr. Reichert's request for accommodations.

18. On September 26, 2019, Mr. Hernandez gave Mr. Reichert a Memo for Record, requesting that he provide additional medical documentation to support his request. Prior to the meeting, Mr. Reichert was again denied the opportunity to have legal representation

present.

19. On October 2, 2019, Mr. Reichert submitted additional medical documentation from his doctor to Mr. Hernandez. Mr. Reichert used the Agency's "Response to a Reasonable Accommodation Request" form to supply this information.

20. Despite providing a letter from his doctor, Mr. Reichert was asked to fill out a Request for Accommodations form, which he did on September 11, 2019. After that, he was also told that he would need to get additional documentation from his doctor, which he did on October 2, 2019.

21. On October 15, 2019, Mr. Reichert met with Principal Hernandez and Ms. Anna Revere, Disability Program Manager, to discuss the reasonable accommodation request. Ms. Revere told him he needed to provide additional medical documentation before a decision could be rendered on his reasonable accommodation request. Mr. Reichert did not provide additional documentation because he had already provided it on October 2, 2019, using the Agency's form.

22. On November 5, 2019, Ms. Revere emailed Mr. Reichert and asked him to provide additional medical documentation in support of his reasonable accommodation request. Ms. Revere also suggested that Mr. Reichert meet with Mr. Hernandez again to discuss reasonable accommodations. Mr. Reichert believed he had provided enough medical documentation to support his request. Mr. Reichert did not receive an approval or denial of his reasonable accommodation request.

23. The Agency has not claimed that Mr. Reichert's request was unreasonable, nor has it claimed that his request would place an undue burden on the Agency. Therefore, Mr. Reichert contacted the Agency's EEO office to file a complaint on November 5, 2019.

24. Mr. Reichert felt compelled to resign as athletic director at Maxwell School, which caused Mr. Reichert's compensation to be reduced.

25. Because of the Agency's disability discrimination against him, Mr. Reichert has lost time at work and has suffered mental and emotional distress. He has also had to use many hours of leave and has sought medical treatment and mental health counseling since 2019.

26. Mr. Reichert was approached by Principal Hernandez on April 28, 2020. Principal Hernandez told Mr. Reichert that the AVID position he was occupying was being discontinued. However, after the position was supposedly discontinued, and Mr. Reichert moved to another teaching position at Maxwell School, he learned that a female teacher was moved into his former AVID position and that the Spanish position he had taught had been outsourced.

27. Mr. Reichert's move from the AVID position has caused him problems, because he is only allowed to be in that position for one year, unless he is able to complete nine (9) academic hours, to continue in that position. Otherwise, he could find himself unemployed.

28. After it became obvious that the Agency was not going to take action to accommodate Mr. Reichert, he asked for a transfer to another teaching position at a different DOD school. He was hopeful that it would be easy to transfer to another school under Dr. Coleman's supervision. Nonetheless, the Agency took no action to facilitate any transfer.

29. To add insult to injury, Mr. Reichert has applied to move to a different teaching position in other DoD schools and he has interviewed six (6) times, to date. Even though his interviews went very well and he believed he would receive one of those positions, he was not selected. He reasonably believes that he is being blackballed from moving to another position, in retaliation for his request for accommodations and his complaint of disability discrimination.

6

## COUNT I
## DISABILITY DISCRIMINATION
### In Violation of the ADA, ADAA and Rehabilitation Act

30. Mr. Reichert repeats, re-alleges, and incorporates by reference paragraphs 1 through 29 above, the same as if more fully set forth herein and further avers as follows:

31. Mr. Reichert requested to be accommodated, by the Agency directing that Ms. Myers have no contact with Mr. Reichert and that he have no contact with Ms. Myers.

32. The Agency asked Mr. Reichert to provide documentation to support his reasonable accommdation request. On September 11, 2019, he provided a request for accommodation form and accompanying medical documentation.

33. Instead of granting Mr. Reichert's request, the Agency asked him for additional medical documentation. Mr. Reichert provided medical documentation a second time. Instead of granting his request, Defendant asked Mr. Reichert for medical documentation, yet again.

34. The Agency was merely harassing Mr. Reichert with repeated requests for medical documentation.

35. Even though the Agency claims that it has not denied Mr. Reichert's request for accommodation, it has indeed denied his request.

36. Mr. Reichert also requested accommodation, to be moved from his position at Maxwell School, to an open position at another school in the same community supervised by Dr. Coleman. Mr. Reichert was not allowed to transfer to another position.

37. Defendant failed to accommodate Mr. Reichert's disability by willfully, and/or maliciously, denying him a reasonable accommodation, due to his military related disability.

38. Defendant never claimed that Mr. Reichert's requests for accommodation were unreasonable or that they would cause an undue burden on the Defendant.

39. Mr. Reichert avers that Defendant's discrimination against him is due to his disability, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, prohibiting disability discrimination.

40. Mr. Reichert also avers that the Agency's failure, or refusal, to transfer him to another position within DoD Education Agency was in violation of the Rehabilitation Act of 1973.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Mr. Reichert respectfully prays that this Court grant the following relief:

a) Judgment declaring that the Agency failed to accommodate Mr. Reichert for his disability.

b) Judgment declaring that Mr. Reichert suffered disability discrimination by the Defendant and its agents;

c) An award of back pay and benefits from the date Mr. Reichert resigned from his Athletic Director position, until the date of this Court's judgment in his case;

d) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

e) An award of compensatory damages for mental anguish, to which Mr. Reichert may be entitled; and

f) Such further, other and different relief as the Court may deem appropriate and necessary.

## COUNT II
### RETALIATION DISCRIMINATION
### In Violation of the ADA, ADAA and Rehabilitation Act

41. Mr. Reichert repeats, re-alleges and incorporates by reference paragraphs 1-40 above, the same as if more fully set forth herein, and further avers as follows:

42. Mr. Reichert first requested accommodations on September 11, 2019.

43. Mr. Reichert provided medical documentation and submitted the Agency's forms to request accommodations.

44. After a August 30, 2019 meeting between Mr. Hernandez, Dr. Coleman, and Lynn Myers (Ms. Myers was a no-show to the meeting). After Dr. Coleman left the Skype Call video meeting, Mr. Hernandez said to Mr. Reicher, "You are not going to win this."

45. Mr. Reichert's attorney delivered a letter to the Agency requesting accommodations on September 24, 2019.

46. The Agency repeatedly requested additional medical documentation.

47. The Agency never provided the requested accommodation; however, the Agency never claimed that Mr. Reichert's requested accommodations were unreasonable nor that they would present an undue burden on the Agency. Therefore, Mr. Reichert contacted the Agency's EEO office to file a complaint on November 5, 2019.

48. On or about April 28, 2020, the Agency forced Mr. Reichert to change positions. To retain his job, he was forced to take a new teaching position that he was not currently qualified. Mr. Reichert must complete an additional nine (9) academic hours to retain his job in the new position. This will be difficult, if not impossible to complete by the end of this academic year.

49. In a letter to DoDEA, dated December 4, 2020, Mr. Reichert also requested accommodations, to be moved from his position at Maxwell School, to an open position at another school in the same community supervised by Dr. Coleman. Mr. Reichert was not allowed to transfer to another position.

50. Furthermore, on or about June 15, 2020, according to Southeast Superintendent Dr. Huddleston, after she spoke to a DoDEA manpower specialist:

"Based on the DoDEA staffing standards (teacher:student ratio), it appears that Maxwell

9

lost a full-time FTE." (from a Dr. Huddleston email reply).

51. There were other positions at Maxwell School that could have been eliminated, such as the Elementary PE position or the .5 Math/.5 STEM. Also, there were other positions as well that serve a minimal role and are questionably justifiable; however, **Mr. Reichert's position was targeted and eliminated**.

52. Mr. Reichert has also applied to move to different teaching positions in other DoDEA schools. Since June 26, 2020, he has interviewed for positions six (6) times. Even though his interviews went very well and he believed he would receive one of those positions, he was not selected. He reasonably believes that he is being blackballed from moving to another position because of his request for accommodations and his complaint of disability discrimination.

53. At one point in the 2019-20 school year, during a faculty meeting, Mr. Hernandez made a comment to faculty and staff that he "had been on the phone with lawyers all day…" This comment alluded to the situation involving Mr. Reichert's request for accommodation.

54. On June 8, 2020, Mr. Hernandez sent Mr. Reichert a text message with a link to a job application to another school.

55. On or about August 24, 2020, despite the fact that Mr. Reichert teaches the majority of the middle school English Language Arts classes at Maxwell School, he was by-passed. **Not only was he not selected, but he was not even considered to become Maxwell School's Site Literacy Leader for the middle school**.

56. As a proximate cause of Defendant's afore-described actions of unlawful retaliation against Mr. Reichert, he was injured and damaged, as set forth in paragraphs 1-55 above. In addition, Mr. Reichert has suffered considerable mental and emotional anguish. Defendant's

actions toward Mr. Reichert, including harassment, unlawful retaliation against him, and causing him to work in a cold and hostile working environment, violated his rights under the Americans With Disabilities Act (ADA), as amended by the ADAA (42 U.S.C. §12101 *et. seq.*) and the Rehabilitation Act (29 U.S.C. §701, *et. seq.*).

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Mr. Reichert respectfully prays that this Court grant the following relief:

a) A declaratory judgment declaring that the Defendant has unlawfully retaliated against Mr. Reichert;

b) An order granting Mr. Reichert compensation (back pay and front pay) and benefits for rights to which he would have been entitled, had he not been a victim of retaliation effective;

c) An award of compensatory damages, for mental anguish, to which Mr. Reichert may be entitled;

d) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

e) Such further, other and different relief as the Court may deem appropriate and necessary.

Respectfully submitted this 19th day of February, 2021.

Benjamin Reichert, Plaintiff
BY:

_____
Joseph Guillot (ASB-4581-O35J)

_____
Chase Estes (ASB-1089-F44L)
Counsel for the Plaintiff

OF COUNSEL:
MCPHILLIPS SHINBAUM, L.L.P.
516 South Perry Street
Montgomery, Alabama 36104
(334) 262-1911
(334) 263-2321  FAX
joeglaw5@gmail.com

## JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

_____
OF COUNSEL

I have reviewed the forgoing and confirm that it is true and accurate to the best of my knowledge and understanding.

_____
Benjamin Reichert, Plaintiff