## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| BENJAMIN REICHERT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:21-cv-153-JTA |
| | ) | |
| LLOYD AUSTIN, SECRETARY | ) | |
| DEPARTMENT OF DEFENSE | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

COMES NOW Lloyd Austin, in his Official Capacity as Secretary of the United States Department of Defense, by and through Sandra J. Stewart, Acting United States Attorney for the Middle District of Alabama, and submits this Answer to Plaintiff's Complaint, responding as follows:

### AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

2.      Some of Plaintiff's claims are barred because he failed to timely and fully exhaust the mandatory administrative remedies applicable to Title VII and the Rehabilitation Act claims asserted by federal sector employees.

3.      Defendant denies the allegations of discrimination and retaliation in Plaintiff's Complaint and demands strict proof of all matters contained therein.

4.      Any actions taken with respect to Plaintiff, or his employment, were taken for legitimate, non-discriminatory, and non-retaliatory reasons, in good faith, and, as such, did not violate any legal rights possessed by him.

5.      Plaintiff's requested accommodations posed an undue burden.

6.      Damages are precluded because the Agency made a good faith effort to provide a reasonable accommodation.

7.      Plaintiff has failed to mitigate his damages, his entitlement to which is expressly denied.

8.      Any disability retirement benefits Plaintiff may receive must be set off and deducted from any potential recovery in this case, his entitlement to which is expressly denied.

9.      Some, or all, of Plaintiff's claims may be barred by the doctrines of accord and satisfaction, after-acquired evidence, estoppel, justification, laches, unclean hands, waiver, and/or the statute of limitations.

10.      Defendant reserves the right to assert further affirmative defenses, as they become evident through discovery or investigation.


Now, having set forth certain of his defenses herein, Defendant responds to the numbered paragraphs of Plaintiff's Complaint as follows:

## I.  JURISDICTION AND VENUE

1.      Paragraph 1 is a jurisdictional statement to which no response is required. To the extent a responsive pleading is required, Defendant admits that jurisdiction is proper, if at all, under 28 U.S.C. § 1331, Title VII, and the Rehabilitation Act, but denies that jurisdiction is proper under 28 U.S.C. § 1334. Defendant denies any factual allegations in Paragraph 1 of the Complaint, denies any inference of liability associated

with them, and denies that Defendant has violated any laws or caused Plaintiff any damages or that Plaintiff is entitled to any relief whatsoever.

2.    Defendant admits that Plaintiff notified the Department of Defense Education Agency (DoDEA) of his request for reasonable accommodations by September 11, 2019, when he submitted a reasonable accommodation request form to Mr. Paul Hernandez, then Principal at the Maxwell Air Force Base Elementary/Middle School, in Montgomery, Alabama. Defendant admits that Plaintiff requested a hearing with the EEOC in Birmingham on or about June 18, 2020. Defendant admits that, pursuant to 29 C.F.R. § 1614.407(b), Plaintiff may file a civil action after 180 days from the date of filing the EEOC complaint. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 2.

3.    Defendant admits that venue is proper in the Middle District of Alabama, Northern Division. Defendant denies that Defendant has committed any unlawful employment practices or caused Plaintiff any damages or that Plaintiff is entitled to any relief whatsoever.

## II. PARTIES

4.    Admitted.

5.    Defendant admits that the Department of Defense is a government agency doing business in Montgomery County, Alabama, and that Lloyd Austin, in his official capacity as Secretary of the Department of Defense, is the proper defendant for claims under Title VII or the Rehabilitation Act.

### III. STATEMENT OF FACTS

6.      Defendant is without sufficient knowledge or information to admit or deny the factual allegations in Paragraph 6 and therefore denies them.

7.      Admitted.

8.      Defendant admits that Lynn Myers and Plaintiff had an interaction on August 20, 2019, in front of some eighth-grade students. Defendant admits that Plaintiff orally made a request for reasonable accommodations on September 9, 2019. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 8 and therefore denies them. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 8.

9.      Defendant admits that on August 23, 2019, Plaintiff wrote an email concerning the incident to his supervisor, Mr. Paul Hernandez, then Principal of Maxwell School. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 9.

10.     Defendant admits that on August 26, 2019, Plaintiff reported the incident to Dr. Lisa Coleman, the Georgia/Alabama Community Superintendent for DoDEA Americas Southeast District. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 10.

11.     Defendant admits that Plaintiff served as the Athletic Director for the previous two school years and received $3,850.00 in compensation each year for performing the extra duty. Defendant further admits that on August 27, 2019, through an email Plaintiff sent to Mr. Hernandez, Plaintiff resigned his extra-duty contract position

as the Athletic Director for Maxwell School. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 11.

12.     Defendant admits that Plaintiff sought medical care from Dr. Caitlyn Singletary at the Central Alabama Veterans Health Care System in Montgomery and that Dr. Singletary treated Plaintiff for alleged distress and anxiety issues. Defendant admits that Dr. Singletary gave Plaintiff a letter, which he passed on to his principal, Mr. Paul Hernandez, in which Dr. Singletary stated that Plaintiff sought reduced interaction with a coworker. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 12.

13.     Defendant admits that Mr. Reichert submitted a Reasonable Accommodation Request Form to Mr. Hernandez on September 11, 2019, in which Plaintiff requested "reduce[d] interactions with Lynn Myers." Defendant admits that the request for accommodation cited Dr. Singletary's letter. Defendant denies that Plaintiff requested at that time a detailed plan to "eliminate" interactions with Ms. Myers. Defendant asserts that the request for accommodations was incomplete, but nonetheless, that the Agency took steps to reduce interactions between Plaintiff and Ms. Myers. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 13.

14.     Defendant admits that Dr. Coleman told Plaintiff on September 9, 2019, that he could have his union representative present but that he could not have counsel present at the scheduled meeting on September 11, 2019. Defendant admits that Plaintiff did not attend the meeting on September 11, 2019. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 14.

15.     Defendant admits that Dr. Coleman provided a letter to Mr. Reichert dated September 16, 2019, finding that the allegation that Ms. Myers harassed Plaintiff was "unfounded" and finding that the allegation that Plaintiff felt harassed by Ms. Myers for the last three years was "unsubstantiated." Except as specifically admitted herein, Defendant denies the allegations in Paragraph 15.

16.     Defendant admits that Plaintiff taught Spanish and AVID and that Ms. Myers taught Elementary PE. Defendant admits that Plaintiff submitted a letter from his treating physician, dated September 9, 2019. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 16.

17.     Admitted.

18.     Defendant admits that on September 26, 2019, Mr. Hernandez gave Plaintiff a Memorandum for Record, requesting that Plaintiff provide additional medical documentation to support his request. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 18.

19.     Admitted.

20.     Defendant admits that Plaintiff was asked to fill out a Request for Accommodations form, which he submitted on September 11, 2019, as previously admitted in Paragraph 13. Defendant further admits that Plaintiff was told that he would need to get additional documentation from his doctor, which he did on October 2, 2019, as previously admitted in Paragraph 19. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 20.

21.     Defendant admits that on October 15, 2019, Plaintiff met with Principal Hernandez and Ms. Anna Revere, Disability/Diversity & Inclusion Program Manager,

DoDEA Diversity Management and Equal Opportunity Americas Regional Office, to discuss the reasonable accommodation request. Defendant admits that Ms. Revere requested clarification on several limitations and barriers from Plaintiff's medical doctor or therapist. Defendant further admits that Plaintiff did not provide additional documentation. Defendant asserts that Plaintiff failed to provide sufficiently specific information from a doctor endorsing eliminating all office interactions between him and Ms. Myers. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 21.

22.    Defendant admits that on November 5, 2019, Ms. Revere emailed Plaintiff and asked him to provide clarification on his limitations and barriers from his medical doctor or therapist. Defendant admits that Ms. Revere suggested that Plaintiff meet with Mr. Hernandez again to discuss reasonable accommodations. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 22.

23.    Defendant admits that Mr. Reichert contacted the Agency's EEO office to file a complaint by November 7, 2019. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 23.

24.    Defendant admits that Plaintiff resigned as the athletic director at Maxwell School, reducing his compensation, as previously admitted in Paragraph 11. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 24.

25.    Denied.

26.    Defendant admits that a different teacher was moved into the AVID position and that the Spanish position was outsourced. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 26.

27.     Defendant admits that Plaintiff was not certified in English Language Arts and was given time to complete certification. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 27.

28.     Defendant admits Plaintiff has not been transferred to another school. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 28 and therefore denies them. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 28.

29.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 29 and therefore denies them.

## COUNT I
## DISABILITY DISCRIMINATION
### In Violation of the ADA, ADAA and Rehabilitation Act

30.     Paragraph 30 constitutes Plaintiff's incorporation statement to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant realleges and reasserts his responses to Plaintiff's Complaint contained in Paragraphs 1 through 29 as if fully set forth herein.

31.     Defendant admits that on September 24, 2019, Plaintiff, through his attorney, requested the Agency to provide as an accommodation a directive to Ms. Myers that she is to have no contact with Plaintiff and a directive to Plaintiff that he is to have no contact with Ms. Myers. Defendant denies that Plaintiff initially requested this accommodation when he first requested a reasonable accommodation. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 31.

32.     Defendant admits that the Agency asked Plaintiff to complete a written reasonable accommodation request form. Plaintiff submitted that form on September 11,

2019, and he cited the letter from Dr. Singletary dated September 9, 2019. Defendant asserts that Plaintiff initially submitted an incomplete request for reasonable accommodations. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 32.

33.     Defendant admits that on September 26, 2019, the Agency requested that Plaintiff have his health care provider complete a Medical Inquiry Form, which Dr. Singletary completed on October 2, 2019. At a meeting on October 15, 2019, the Agency requested Plaintiff provide additional information on his medical condition as it related to his work environment. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 33.

34.     Denied.

35.     Denied.

36.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 36 and therefore denies them.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

**PRAYER FOR RELIEF**

Defendant makes no response to the prayer for relief, including subparagraphs a) through f), as no response is required. To the extent that the Court requires a response, Defendant denies each and every allegation contained therein and further denies that Plaintiff is entitled to any relief whatsoever from Defendant.

## COUNT II
## RETALIATION DISCRIMINATION
### In Violation of the ADA, ADAA and Rehabilitation Act

41.     Paragraph 41 constitutes Plaintiff's incorporation statement to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant realleges and reasserts his responses to Plaintiff's Complaint contained in Paragraphs 1 through 40 as if fully set forth herein. Defendant further responds that, by incorporating all previous paragraphs, including those from Count I, Plaintiff's Complaint is a shotgun pleading.

42.     Defendant admits that Plaintiff submitted a written request for reasonable accommodations on September 11, 2019. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 42.

43.     Defendant admits that Plaintiff submitted the Agency's form to request accommodations and that he cited a letter from his medical provider to that form. Defendant asserts that Plaintiff's initial request did not contain sufficient medical information. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 43.

44.     Defendant admits that on August 30, 2019, Dr. Coleman conducted a Skype meeting with Mr. Hernandez and Plaintiff, and that Ms. Myers was unable to attend. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 44.

45.     Admitted.

46.     Defendant admits that it requested a Medical Inquiry Form on September 26, 2019, and that Plaintiff's doctor completed the form on October 2, 2019. Defendant

admits that the Agency then requested additional information after a meeting on October 15, 2019, and that Plaintiff did not provide any additional information. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 46.

47.     Defendant admits that Plaintiff contacted the Agency's EEO office to file a complaint by November 7, 2019. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 47.

48.     Defendant admits that the Agency moved Plaintiff to a new position. Defendant asserts Plaintiff was initially hired to teach Foreign Language Elementary School (FLES). The Agency eliminated the FLES program nationwide. Plaintiff was moved into a full-time English Language Arts (ELA) position and was given a year to complete the necessary coursework for certification. This was a goodwill gesture on the part of the Agency. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 48 and therefore denies them. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 48.

49.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 49 and therefore denies them.

50.     Admitted.

51.     Defendant admits that the Foreign Language Elementary School position/program was eliminated at Maxwell and other DoDEA schools worldwide. Defendant denies all other factual allegations in Paragraph 51. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 51.

52.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 52 and therefore denies them.

53.     Defendant denies the allegations in Paragraph 53 to the extent they suggest Mr. Hernandez was referring to Plaintiff's ongoing request for accommodations. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 53.

54.     Admitted.

55.     Defendant admits Plaintiff was not selected to become Maxwell School's Site Literacy Leader for the middle school. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 55.

56.     Denied. Defendant denies any inference of liability associated with the allegations in Paragraph 56, denies that Defendant violated any laws or caused Plaintiff any damages, and denies that Plaintiff is entitled to any relief whatsoever. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 56.

## PRAYER FOR RELIEF

Defendant makes no response to the prayer for relief, including subparagraphs a) through e), as no response is required. To the extent that the Court requires a response, Defendant denies each and every allegation contained therein and further denies that Plaintiff is entitled to any relief whatsoever from Defendant.

## JURY DEMAND

Defendant denies that there is any issue of fact entitling Plaintiff to a trial.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendant respectfully requests that the Court enter an Order dismissing Plaintiff's Complaint in its entirety with prejudice, award Defendant costs and expenses, and award any and all other relief that this Court may deem necessary and proper.

Respectfully submitted this 9th day of July, 2021.

SANDRA J. STEWART
Acting United States Attorney

By:    /s/ *MaryLou E. Bowdre*
MaryLou E. Bowdre
Assistant United States Attorney
Alabama Bar No. 9232N10E
E-mail: MaryLou.Bowdre@usdoj.gov
United States Attorney's Office
Middle District of Alabama
Post Office Box 197
Montgomery, AL  36101-0197
Telephone: (334) 223-7280

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all participants including Plaintiff's counsel, Joseph Guillot, Esquire and Chase Estes, Esquire.

/s/ MaryLou E. Bowdre
Assistant United States Attorney