IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BENJAMIN REICHERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:21-cv-153-ECM |
| | ) | (WO) |
| LLOYD AUSTIN, SECRETARY, | ) | |
| DEPARTMENT OF DEFENSE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is Plaintiff Benjamin Reichert's ("Reichert") motion to vacate, alter or amend (doc. 54), filed on October 6, 2023. Upon consideration of the motion, and for the reasons that follow, the Court concludes that the motion is due to be denied.

On September 8, 2023, the Court entered a Memorandum Opinion and Order granting the Defendant's motion for summary judgment (doc. 52) and entered Final Judgment in favor of the Defendant (doc. 53). Reichert brought claims against Defendant Lloyd Austin, in his capacity as the Secretary of the Department of Defense, for disability discrimination and retaliation under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973 (the "Rehabilitation Act").[1] As the Court explained in its summary judgment opinion, Reichert was offered a reasonable accommodation, failed to

---

[1] Reichert's complaint also asserted claims under the ADAA. However, the parties addressed only Reichert's ADA and Rehabilitation Act claims. Thus, the Court construed Reichert's reference to the ADAA as a reference to the Americans with Disabilities Amendment Act ("ADAAA"). Those claims coincide with Reichert's ADA claims.

1

establish that his transfer was feasible, and proposed an unreasonable accommodation. (Doc. 52 at 11–13). Furthermore, the Court found that Reichert failed to meet his burden regarding his retaliation claims. (Doc. 52 at 19). Reichert now seeks relief from that judgment. (Doc. 54).

## STANDARD OF REVIEW

In his motion to vacate, alter or amend, Reichert specifies that he brings the motion pursuant to Rule 59 of the Federal Rules of Civil Procedure. (Doc. 54 at 1). Under Rule 59(e), the Plaintiff may seek to alter or amend judgment only on the basis of "newly-discovered evidence or manifest errors of law or fact." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). "A party moving the court to alter or amend its judgment pursuant to Rule 59(e) faces an extremely heavy burden." *Scharff v. Wyeth*, 2012 WL 3149248, at *1 (M.D. Ala. 2012). Moreover, Rule 59(e) was not constructed "to give the moving party another 'bite at the apple.'" *Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000). "Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59." *Jacobs*, 626 F.3d at 1344. "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (citations omitted).

## DISCUSSION

Reichert raises several arguments why he believes that the summary judgment order was contrary to law, including that the Court "afforded facts and inferences in favor of the defendant, not the Plaintiff, the party opposing summary judgment." (Doc. 54 at 12).

2

Reichert does not argue that he has newly discovered evidence regarding his claims against the Defendant.

To survive summary judgment, Reichert was required to do more than simply make conclusory statements based on his own subjective beliefs. *See Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000).  For example, Reichert asserted that Paul Hernandez ("Mr. Hernandez"), Reichert's former principal, possibly gave negative reviews about Reichert to potential employers. (Doc. 54 at 13).  The basis given for this assertion is that Reichert was successful at obtaining a new job following Mr. Hernandez's departure as principal and that Reichert subjectively felt that he performed well in interviews.  Indeed, in his deposition Reichert testified about a specific episode in which he "firmly believe[d] that [a potential employer] called Mr. Hernandez on the phone, and in that phone conversation something negative was communicated to [the potential employer] about" Reichert. (Doc. 40-1 at 18).  However, Reichert provides insufficient evidence that this call occurred and directly acknowledges in that same deposition that, even if such a phone call took place, he "would have no knowledge of what they spoke on the phone about." (*Id.*). In contrast, the Defendant provided sworn testimony from Mr. Hernandez in which he stated that he always provided positive recommendations for Reichert. (Doc. 40-2 at 23). Subjective beliefs, even given under oath, are insufficient to defeat sworn factual testimony at the summary judgement stage. *See Pace v. Capobianco*, 283 F.3d 1275, 1278–79 (11th Cir. 2002) (holding that an affiant's belief, rather than personal knowledge, is insufficient to create a genuine dispute of material fact at the summary judgment stage).  Thus, Reichert has not shown any manifest error with respect to this issue.

Reichert also argues that the Court misapplied the law regarding the failure to exhaust administrative remedies. (Doc. 54 at 21). The Court will not repeat its earlier analysis on this issue but will instead point out that the Court ultimately found that, notwithstanding his failure to exhaust his administrative remedies, Reichert's retaliation claims also failed on the merits. (Doc. 52 at 15). Consequently, Reichert's argument regarding exhaustion of administrative remedies is insufficient to establish his entitlement to Rule 59(e) relief.

In sum, Reichert's motion to vacate, alter or amend is replete with legal arguments previously raised and addressed in this Court's Memorandum Opinion and Order granting the Defendant's motion for summary judgment, which are insufficient for Rule 59(e) relief. *See Arthur*, 500 F.3d at 1343. Furthermore, Reichert's motion presents no "newly discovered evidence" but instead argues facts that were in the record prior to the grant of summary judgment in this case, which also does not entitle Reichert to relief. And, as previously explained, subjective beliefs cannot form the basis of a genuine dispute of material fact.

## CONCLUSION

Reichert has failed to meet his heavy burden to demonstrate entitlement to relief under Rule 59. Accordingly, for the reasons stated and for good cause, it is

ORDERED that Reichert's motion to vacate, alter or amend (doc. 54) is DENIED.

Done this 3rd day of November, 2023.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE